IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

LISA CORSON,

           Plaintiff,

v.

NETMEDIA101, LLC d/b/a
PRESSNEWSAGENCY.ORG.,

           Defendant.

Case No.:

**COMPLAINT AND JURY DEMAND**

The plaintiff Lisa Corson ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, PC, for its Complaint against the defendant, NetMedia101, LLC d/b/a Pressnewsagency.org ("Defendant"), alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1), and 501. Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

**PARTIES**

2. Plaintiff is an individual doing business as a professional photographer with an address at PO Box 470417, Brooklyn, New York 11247.

3. Upon information and belief, Defendant is a foreign limited liability company organized under the laws of Delaware with a principal place of business at 1483 Shore Parkway, #5A, Brooklyn, New York 11214.

1

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in this judicial district and committing torts in this state, including without limitation Defendant's copyright infringement, which causes harm in this state and judicial district.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Plaintiff's Business

7. Plaintiff is a professional photographer in New York City who creates and licenses her work for a variety of uses, including editorial, commercial, and advertising uses. Her work is particularly known for her artistic eye and modern style.

8. Plaintiff is owner of the photographic image at issue in this litigation, a copy of which is attached hereto as Exhibit A (the "Copyrighted Work").

9. The Copyrighted Work is an original work of authorship.

10. Plaintiff is the owner of the copyrights in and to the Copyrighted Work.

11. Plaintiff has obtained registration with the United States Copyrighted Office for the Copyrighted Work. Attached hereto as Exhibit B is a copy of the certificates for registration obtained from the United States Copyright Office.

B.  **Defendant's Unlawful Activities**

12. Plaintiff discovered Defendant infringing Plaintiff's exclusive copyrights in the Copyrighted Work.  Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and publicly displayed, without Plaintiff's authorization at the website [www.pressnewsagency.org,](www.pressnewsagency.org) screenshots of which are attached hereto as Exhibit C.

13. On May 27, 2022, Plaintiff, through an agent acting on her behalf, notified Defendant of the infringement and sought a licensing fee for the use of her work.  While Defendant appears to have removed the Copyrighted Work from its website, Defendant has failed to pay a licensing fee for its use of the Copyrighted Work.

14. Defendant is directly responsible for the unlawful reproduction, distribution, public display, and derivation as the Copyrighted Work which is stored on Defendant's computers and computer systems where of the Copyrighted Work is reproduced, distributed, and publicly displayed without authorization.

15. Defendant's reproduction, distribution, and public display of the Copyrighted Work is without Plaintiff's authorization.

16. Defendant's unauthorized reproduction, distribution, public display and derivation of the Copyrighted Work is knowing and willful.

17. Defendant, a media company with knowledge of copyright law, knew it did not have permission to use Plaintiff's Copyrighted Work and deliberately did so anyway, in reckless disregard of Plaintiff's rights or willfully blind to Plaintiff's exclusive rights.

## CLAIM FOR RELIEF
## DIRECT COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq*.)

18. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

19. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

20. Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Work to bring suit.

21. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Defendant had access to the Copyrighted Work prior to the creation of Defendant's infringing website.

22. By its actions, as alleged above, Defendant has infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the infringing work at its website.

23. Upon information and belief, Defendant's infringement of Plaintiff's copyrights is willful and deliberate and Defendant has profited at the expense of Plaintiff.

24. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover its actual damages resulting from Defendant's uses of the Copyrighted Work without paying license fees, in an amount to be proven at trial.

25. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Copyrighted Work, which amounts will be proven at trial.

26. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Work, or such other amounts as may be proper under 17 U.S.C. § 504(c).

27. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

28. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendant has infringed Plaintiff's copyrights under the Copyright Act;

2. A declaration that such infringement is willful;

3. An accounting of all revenue earned by Defendant during the period in which it reproduced, distributed or displayed the Copyrighted Work, or any portion or derivation of the Copyrighted Work;

4. Awarding Plaintiff all gains, profits, property and advantages obtained or derived by Defendant from their acts of copyright infringement or, *in lieu* thereof, should Plaintiff so elect, such statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each instance of copyright infringement;

5. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future infringement;

6. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. § 505;

7. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

8. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's or to participate or assist in any such activity; and

9. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 5, 2023

                                         Respectfully submitted,

                                         R. Terry Parker, Esq.
                                         Law Office of R. Terry Parker
                                         43 West 43rd Street, Suite 275
                                         New York, New York 10036-7424
                                         Tel: (212) 859-5068
                                         Email: terry@rterryparkerlaw.com