UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
LISA CORSON,

                         Plaintiff,

           - against -

NETMEDIA101, LLC d/b/a
PRESSNEWSAGENCY.ORG,

                       Defendant.
-------------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

23-cv-4136 (BMC)

**COGAN**, District Judge.

    This is a copyright infringement action in which plaintiff, a professional photographer, had one of her photographs of food used without her permission on defendant's website. The case is before me on plaintiff's motion for a default judgment, the Clerk of Court having entered defendant's default pursuant to Federal Rule of Civil Procedure 55(a).

    The complaint contains a single claim for relief: copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 106(1), 501. In light of defendant's default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed admitted. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). Of course, "[e]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." In re Wildlife Ctr., Inc., 102 B.R. 321, 325 (E.D.N.Y. 1989) (citation omitted). Here, plaintiff has stated a plausible claim.

However, "when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citations omitted). A court may conduct a hearing to determine the amount of damages, see Fed. R. Civ. P. 55(b)(2), but an inquest by paper record is appropriate when the court relies on affidavits and other documentary evidence, and the amount of damages is liquidated, see Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted); Hirsch v. Sell It Social, LLC, No. 20-cv-153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020).

Because plaintiff seeks statutory damages exclusively, no hearing is necessary here. Plaintiff seeks statutory damages of $30,000 under 17 U.S.C. § 504(c)(1). "Ordinary" (i.e., non-willful) infringement carries a range of $750 to $30,000 in statutory damages. 17 U.S.C. § 504(c)(1). In cases of "willful" infringement, "the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." Id. at (c)(2).

Whether ordinary or willful, determining the proper award within these ranges is a matter of the Court's discretion, see Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2d Cir. 1986), informed by a number of financial and conduct-based considerations. These considerations include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods., 603 F.3d 135, 143-44 (2d Cir. 2010) (citation omitted).

In the default context, it is obviously incumbent upon plaintiff to submit a record sufficient to support the amount of statutory damages that she is seeking. Of course, defendant's failure to appear confines that which plaintiff can show, so allowance must be made for that limitation. See Streamlight, Inc. v. Gindi, No. 18-cv-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019) ("[D]efendants frustrated the litigation process by failing to appear in this case or, at any point, respond to the allegations listed in the Complaint. As a result, plaintiff could not obtain meaningful discovery, including discovery related to damages.") (internal citation omitted). However, even on an unopposed motion for default judgment, the plaintiff may be able to ascertain information from readily-available public sources about the infringement and the defendant's financial status. See Conan Props. Int'l LLC v. Sanchez, No. 17-cv-162, 2018 WL 4522099, at *31 n. 37, 36 (E.D.N.Y. June 8, 2018), report and recommendation adopted with modifications, 2018 WL 3869894 (E.D.N.Y. Aug. 15, 2018). And a plaintiff can certainly disclose her usual licensing fee so that actual damages can be considered as a component of statutory damages. See Bryant, 603 F.3d at 144 (listing "the revenue lost by the copyright holder" as relevant to ascertaining a damages award under the Copyright Act).

Unfortunately, plaintiff has not given me much assistance in applying these factors here. Plaintiff has "respectfully decline[d]" to disclose the fee paid by any other licensee for the photograph at issue or similar photographs, asserting that her usual license fee is irrelevant because she has elected to pursue statutory damages. Plaintiff is correct that she has the right to elect statutory damages without proof of her actual damages, see Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp. 2d 458, 471-72 (S.D.N.Y. 2001), but by not disclosing her usual license fee, she has limited my ability to analyze the relevant factors used to determine the appropriate award, see supra at 2 (citing Bryant, 603 F.3d at 144).

Instead of conducting some minimal investigation of the infringement and then arguing the facts of this case to support her award requests, plaintiff asserts that there is a "long-line [sic] of cases" in this Circuit that have awarded $30,000 each on default judgment motions under 17 U.S.C. § 501. I have reviewed those cases, and each one undertook the analysis of the relevant factors that plaintiff has not provided here, or at least certain of the factors that could be considered in the context of a motion for a default judgment. See Lucerne Textiles, Inc. v. H.C.T. Textiles Co., No. 12-cv-5456, 2013 WL 174226, at *3-4 (S.D.N.Y. Jan. 17, 2013), report and recommendation adopted, 2013 WL 1234911 (S.D.N.Y. Mar. 26, 2013); Tokar v. 8 Whispering Fields Assocs., Ltd., No. 08-cv-4573, 2011 WL 7445062, at *2 (E.D.N.Y. Dec. 13, 2011), report and recommendation adopted, 2012 WL 688468 (E.D.N.Y. Mar. 2, 2012); Microsoft Corp. v. Computer Care Ctr., Inc., No. 06-cv-1429, 2008 WL 4179653, at *10-11 (E.D.N.Y. Sept. 10, 2008); Peer Int'l Corp. v. Max Music & Entm't, Inc., No. 03-cv-996, 2004 WL 1542253, at *3-4 (S.D.N.Y. July 9, 2004); Stevens v. Aeonian Press, Inc., No. 00-cv-6330, 2002 WL 31387224, at *2-3 (S.D.N.Y. Oct. 23, 2002); Getaped.com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 402-03 (S.D.N.Y. 2002).

This "long line of cases" illustrates a bigger problem with plaintiff's request for damages. The fact that, out of the thousands of Copyright Act cases filed in this Court and the Southern District of New York, a relative handful have awarded the amount of statutory damages plaintiff seeks does not give me any guidance as to the amount of statutory damages that should be awarded in this case. For every case that plaintiff cites that awarded the same amount she is seeking, there are other cases awarding different amounts of statutory damages under the Copyright Act. See, e.g., Miller v. Netventure24 LLC, No. 19-cv-7172, 2021 WL 3934262, at *7 (Aug. 6, 2021) ($3,500 per infringement), report and recommendation adopted, 2021 WL

4

3931928 (S.D.N.Y. Sept. 2, 2021); Myeress v. Elite Travel Grp. USA, No. 18-cv-340, 2018 WL 5961424, at *3-4 (S.D.N.Y. Nov. 14, 2018) ($20,000 for one infringement). As another court noted:

> Plaintiff [has not] provided any support, case law or otherwise, for the $10,000 figure other than attaching orders where courts adopted the $10,000 in statutory damages listed in the plaintiff's proposed order. Plaintiff has not explained why the orders he attaches are appropriate comparisons. Accordingly, because Plaintiff would have difficulty showing actual damages for removal of the gutter credit and has not made much of an effort to support a damages figure, I recommend that the minimum of $2,500 be awarded in statutory damages.

Jerstad v. New York Vintners LLC, No. 18-cv-10470, 2019 WL 6769431, at *4 (S.D.N.Y. Dec. 12, 2019) (citations omitted), report and recommendation adopted, 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020). In a case similar to the instant case where the court rejected a request for a $30,000 statutory damages award under the Copyright Act, the court noted:

> The Court has considered these factors and concludes that statutory damages of $2,500 – not $30,000 – is appropriate. On the one hand, Plaintiff's allegations and exhibits support a finding that Defendant acted willfully: Defendant copied Plaintiff's photograph directly from another online article, ignored the notation that Plaintiff was the photographer, and removed the gutter credit. Furthermore, as Plaintiff points out, Defendant's status as a publisher in online media makes its infringement more blameworthy. Defendant's default only serves to bolster these allegations.
>
> On the other hand, Plaintiff presents no evidence of lost revenue or other damages. Statutory damages need not be directly correlated to actual damages, but they ought to bear some relation to actual damages suffered. As a professional photographer who licensed the photograph at issue, Plaintiff presumably could have supplied information on his lost revenue, including licensing fees. He chose not to do so. Although he is not required to submit such evidence to obtain statutory damages, the seeming absence of tangible harm is something the Court may consider.

Mantel v. Smash.com Inc., No. 19-cv-6113, 2019 WL 5257571, at *3 (W.D.N.Y. Oct. 17, 2019) (citations and quotations omitted).

As in Jerstad and Mantel, plaintiff has not sufficiently developed this record to warrant the statutory damages she seeks.  First, her "respectful" refusal to disclose her usual licensing fee leads me to draw the inference that the fee is *de minimis*, and that is a relevant factor for me to consider.  See Bryant, 603 F.3d at 144.  Plaintiff has prevented me from even considering whether a multiplier of her licensing fee – a measure often used by district courts to determine a statutory award, see, e.g., Michael Greco Prods. v. Function(X), Inc., No. 18-cv-386, 2019 WL 1368731, at *4-5 (S.D.N.Y. March 11, 2019) – is appropriate here.

Second, other than having seen her photograph published without authorization, plaintiff has made no effort to ascertain the nature of the defendant's business or its financial wherewithal to pay a substantial damages award.  She has submitted no Bloomberg or Dun & Bradstreet report on defendant, no photographs of defendant's business, no example of the kind of publication in which it engages, and no indication whether this is the first time or the 100th time that defendant has violated the copyright laws (which that should be readily ascertainable through a PACER search).  Given the punitive and deterrence considerations inherent in fixing a statutory award, see Van Der Zee v. Greenidge, No. 03-cv-8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006), whether a defendant is a serial copyright violator and the level of defendant's gross revenues are considerations that bear heavily on the appropriate amount of statutory damages.

I note that in the similar context of cable signal theft under the Federal Communications Act, it is common for rights holders to send investigators to the signal pirates' premises, see e.g., J&J Sports Prods., Inc. v. Barretta, No. 18-cv-5111, 2019 WL 7284249, at *1, 5 (E.D.N.Y. Sept. 10, 2019), report and recommendation adopted, 2019 WL 7283284 (E.D.N.Y. Dec. 27, 2019), to help calculate the appropriate level of statutory damages.  Of course, as a solo photographer from

6

whom defendant has stolen, it appears, a single photograph of a sandwich, I do not expect plaintiff to go to that level of effort or expense. But the Internet has lots of information, and plaintiff has not even attempted to make use of it to assist the Court.

On the other hand, plaintiff has at least alluded to some of the factors that weigh into the Court's determination of the amount of a statutory award. She has properly asserted that defendant's failure to respond not only to the summons and complaint, but also to the default judgment motion, is indicative of willfulness. See, e.g., CJ Prods. LLC v. Your Store Online LLC, No. 11-cv-9513, 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (collecting cases), report and recommendation adopted, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012). In addition, as a news media business, defendant is charged with a greater knowledge of the copyright laws than non-publishing users. See Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983); see also Bari v. Impremedia Operating Co., LLC, No. 20-cv-310, 2021 WL 724904, *4 (E.D.N.Y. Jan. 8, 2021). These factors demonstrate a higher level of willful infringement and trigger the application of enhanced damages under 17 U.S.C. § 504(c)(2) of up to $150,000, which plaintiff is not seeking.

Aside from these indicia of willfulness, however, plaintiff has left out more than she has disclosed. I note that, like other judges, I have previously engaged in a similar analysis, pointing out the frequent lack of support for a statutory award theory in these kinds of cases. See Mango v. Pacifica Found. Inc., No. 18-cv-6381, 2019 WL 569073, at *2 (E.D.N.Y. Feb. 11, 2019) (plaintiff's failure to provide evidence regarding his typical license fee weighs in favor of a reduced award), vacated on other grounds, 2019 WL 4134776 (E.D.N.Y. May 2, 2019). However, plaintiff's counsel in the instant case does not appear to be listening to that advice.

7

None of the cases plaintiff's counsel has failed to cite are controlling authorities, so counsel has not committed any ethical violation by not disclosing them. Nevertheless, counsel's cherry-picking of cases that support statutory awards that at least lean toward windfall recoveries – without disclosing that a number of single-instance infringements against obscure defendants (like the one here) have resulted in the recovery of mere hundreds of dollars in statutory damages – renders his truncated presentation of the case law of little use to me.

As noted above, my analysis is hampered because of defendant's default and the dearth of information that plaintiff has provided. Based on all the considerations set forth above, I conclude that plaintiff is entitled to recover statutory damages in the amount of $5,000. Of all of the factors I have considered, the most important is plaintiff's decision to withhold her actual licensing fee. See id. This suggests to me that her usual fee for a photograph like this may be in the hundreds of dollars rather than the thousands, which would make $5,000 a substantial multiple of her licensing fee no matter where within the $1 to $1,000 range that her licensing fee falls. An award at this level will thus satisfy the dual purposes of statutory damages under the Copyright Act – compensation and deterrence. See Fitzgerald Pub. Co., Inc., 807 F.2d at 1117.

Accordingly, plaintiff's motion [13] for a default judgment is granted to the extent set forth above. The Clerk is directed to enter final judgment in favor of plaintiff and against defendant for $5.000 in statutory damages.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 25, 2023